IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:05-1226 |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| ROBERT JORDAN FIELDS | ) |  |
| Defendant. | ) | RESPONSE TO DEFENDANT'S MOTION |
|  | ) |  |

The defendant has given notice that he intends to object to any guideline enhancement in the determination of his sentence that results from findings of the Court arising out of paragraphs 44, 46, and 49 of the presentence report. The motion is predicated on the recent Supreme Court decision in Cunningham v. California, 549 U.S. ___, No. 05-6551 (January 22, 2007).

The text of the Cunningham decision does not support the argument advanced by the defendant. Indeed, in his motion, the defendant places significant reliance upon the dissent of Justice Alito. A dissent, however, is merely an opinion giving the reasons why the losing side in a Supreme Court decision disagrees with the outcome. As such, it has no weight as precedent, and it cannot prevent this Court from making the necessary findings to go forward with this sentencing.

Cunningham states that in a binding sentencing scheme such as was at issue with the California Determinate Sentencing Law (DSL), judicial findings of fact violate the Sixth Amendment rights of a defendant. In distinguishing the application of the Sixth Amendments guarantee of a trial by jury to sentencing schemes, the Supreme Court

specifically reinforced the holding from United States v. Booker that "there was no disagreement among the Justices [that] the Federal Guidelines would not implicate the Sixth Amendment were they advisory." Id at 12.  Quoting United States v. Booker, 543 U.S. 220, 233 (2005).  Further, Cunningham references sentencing schemes of some states which have "chosen to permit judges genuinely 'to exercise broad discretion . . . within a statutory range,' which, 'everyone agrees,' encounters no Sixth Amendment shoal."  Cunningham, Slip Opinion at 22, quoting Booker, 543 U.S. at 233.

The federal sentencing guidelines have been rendered effectively advisory by the Booker and Fanfan decisions.  Rita v. United States, No. 06-5754 (Cert. Granted Nov. 3, 2006) and Claiborne v. United States, No. 06-5618 (Cert.granted Nov. 3, 2006), do not call into question the advisory nature of the guidelines.  Instead, they deal with the questions of whether a sentence within the appropriately calculated guideline range warrants a presumption of reasonableness and whether the extent of a variance from the advisory range requires a correspondingly persuasive reason for the variance.  The question in Rita and Claiborne is thus "how federal reasonableness review operates in practice."  Cunningham, Slip Opinion at 20, n.15.  Without tipping its hand on how that question might be answered, the Supreme Court noted that "we affirm the continuing vitality of our prior decisions in point."  Id.

It appears from the above analysis of the <u>Cunningham</u> decision that the Sixth Amendment does not bar this Court from making the necessary factual findings in determining the advisory guideline range applicable to the defendant. The motion of the defendant should therefore be denied.

                Respectfully submitted,

                REGINALD I. LLOYD
                United States Attorney


                By:   <u>s/ Dean A. Eichelberger</u>
                      Dean A. Eichelberger (5008)
                      Assistant United States Attorney

February 1, 2007

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that I am an employee in the Office of the United States Attorney for the District of South Carolina, and on February 1, 2007, I caused to be served one true and correct copy of the RESPONSE TO DEFENDANT'S MOTION in the above-captioned case via the court's e-noticing system, but if that means failed, then by regular mail, on the following person(s)**:**

        Parks N. Small
        Federal Public Defender
        1901 Assembly Street, Suite 200
        Columbia, South Carolina 29201

        <u>s/Dean A. Eichelberger</u>
        Assistant United States Attorney